# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BENJAMIN MUHAMMAD,                                                                                         PLAINTIFF
ADC #089586

v.                                              5:14CV00375-JM-JTK

RAY HOBBS, et al.                                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.   Introduction**

Plaintiff Benjamin Muhammad is a state inmate confined at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action alleging numerous unrelated allegations, and thereafter filed four different amended complaints naming a total of twenty-four Defendants (Doc. Nos. 2, 4, 5, 8, 18). By Order dated November 7, 2014 (Doc. No. 24), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's Original and Amended Complaints too vague and conclusory to enable the Court to determine whether his claims were frivolous, malicious, or failed to state a claim, the Court directed Plaintiff to "file a short Amended Complaint which sets forth one claim against the named Defendants involved,..." (Id.) Following an extension granted by the Court on December 4, 2014 (Doc. No. 47), Plaintiff filed a Fifth Amended Complaint, alleging negligent treatment of his medical condition by eleven Defendants (Doc. No. 54).

**II.   Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the

line between possibility and plausibility of entitlement to relief." Id.

**III.    Facts and Analysis**

Plaintiff alleges in his Fifth Amended Complaint that he suffers from Hepatitis C and that eleven named Defendants will not provide him with treatment from an outside medical facility (Doc. No. 54, pp. 11, 13) He characterizes Defendants' actions as "gross negligence," violating his Eighth Amendment rights, and asks for an investigation into the death of a fellow inmate who also suffered from Hepatitis C.  (Id., pp. 13-14)  According to the grievances submitted with the Amended Complaint, Plaintiff is a chronic care patient at the ADC and is being treated and monitored for his condition.  (Id., pp. 23, 26, 29)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  In addition, in order to support a claim for an Eighth Amendment violation, Plaintiff must allege that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate

the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

The Court finds that Plaintiff's allegations against Defendants fail to state a constitutional claim for relief. First, he does not include specific allegations against the named Defendants, other than to state that they will not send him to an outside physician and that they are acting with gross negligence.[1] Next, he does not allege that any of the Defendants have refused to provide him with medical treatment, or have acted with deliberate indifference to his medical needs. Rather, he makes numerous references to their "gross negligence." And, as noted above, allegations of gross negligence do not rise to the level of a constitutional violation. Crandell, 56 F.3d at 37. Furthermore, according to the grievances submitted with his Amended Complaint, it appears that he is being treated for his condition, as he is categorized as a chronic care patient, and that his complaints are about the type of medical treatment he is receiving, which also does not support a constitutional claim. Long, 86 F.3d at 765. Finally, the Court cannot act on allegations relating to an alleged constitutional violation of another inmate. Therefore, Plaintiff's complaint fails to state a constitutional claim for relief and should be dismissed.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

---

[1] In the November 7, 2014 Order, the Court specifically directed Plaintiff that his Fifth Amended Complaint should include: "**(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; (3) how each individual violated the Plaintiff's constitutional rights; and 4) how he was harmed.** Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places." (Doc. No. 24, p. 4.)

1. Plaintiff's Fifth Amended Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 14th day of January, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.